UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>LUKE SCARMAZZO and RICARDO RUIZ MONTES,<br><br>          Defendants. | 1:06-cr-0342 OWW<br><br>MEMORANDUM DECISION AND ORDER RE GOVERNMENT'S MOTIONS IN LIMINE |

The following orders on motions in limine and for clarification of and addressing supplemental motions in limine have been heard and decided by United States District Court Judges Lawrence J. O'Neill and Oliver W. Wanger. The following rulings are set forth for the benefit of and as guidance to the parties.

I.    **Motion Number 1: Exclude Evidence and Questioning Suggesting Defense of Medical Necessity**.

Defendants are ordered not to introduce any evidence, questioning, or testimony, either expert or lay opinion testimony, or to argue in the presence of the jury, to suggest:

1

1.   Marijuana has any legitimate medical value;

2.   That it is lawful to sell medical marijuana;

3.   Defendants' "good faith" belief that marijuana is of medical value;

4.   Any defense of medical necessity applies; United States v. Oakland Cannabis Buyers' Cooperative, 532 U.S. 483, 491.

5.   Marijuana is not or should not be a Schedule I controlled substance.  "Use of marijuana for medical purposes, although gaining traction in the law is not a fundamental and implicit concept of ordered liberty."  The use of medical marijuana remains unlawful.  Raich v. Gonzales, 500 F.3d 850, 866; Gonzales v. Raich, 125 S.Ct. at 2215.  Gonzales v. Raich, was decided June 6, 2005, by the U.S. Supreme Court.  (Controlled Substances Act criminalizing manufacture, distribution or possession of marijuana to intra state growers and users of marijuana for medical purposes did not violate the Commerce Clause).

B.   Common Law Necessity.

Whether common law necessity can be asserted as a defense is an open question.  532 U.S. at 491.  However, it is foreclosed in medical marijuana cases, "where the legislature itself has made a determination of values."  Id. at p. 491.  The common law necessity defense is that a Defendant is faced with a choice of evils; "to either obey the Controlled Substances Act and endure excruciating pain and possibly death, or violate the terms of the Controlled Substances Act and obtain relief from her physical suffering."  Raich, at p. 858.

The common law necessity defense "traditionally covered the situation where physical forces beyond the actor's control rendered illegal conduct the lesser of two evils" and the actor had no "reasonable, legal alternative to violating the law." United States v. Bailey, 444 U.S. 394, 410 (1980).

Dicta in a recent Supreme Court decision, United States v. Oakland Cannabis Buyers' Coop., 532 U.S. at 490, questioned the ongoing vitality of the common law necessity defense: "It is an open question whether Federal Courts even have authority to recognize a necessity defense not provided by statute."

Necessity requires four elements:

    a. The Defendant was faced with a choice of evils and chose the lesser evil;

    b. Defendant acted to prevent imminent harm;

    c. That Defendant reasonably anticipated a causal relation between his conduct and the harm to be avoided; and

    d. That there were no other legal alternatives to violating the law.

United States v. Aguilar, 883 F.2d 662, 693 (9th Cir. 1982).

To prove a necessity defense, the following has been required:

    a. Choice of evils - a doctor's testimony that cannabis, as medicine, is absolutely necessary or precipitous medical deterioration or death would result to a patient-user for whom C/MT had been prescribed.

    b. Medical evidence must be presented that if Defendant were to stop using marijuana, acute chronic pain and wasting disorders would immediately resume.

3

  c. Defendant must offer evidence that the causal connection is reasonable, i.e., a doctor testifies that the ***** medical condition can only be alleviated by the need to use marijuana.

  d. Legal alternative to violating the law - a doctor must testify that the Defendant has used all other medications and there is no alternative medicine that will work to alleviate intolerable conditions or effects.

 Whether or not Oakland Cannabis forecloses a necessity defense, the prosecution of a seriously ill Defendant under the Controlled Substances Act and whether the Controlled Substances Act encompasses a legislative "determination of values," that would preclude a necessity defense, is an unanswered question. 532 U.S. at 491.

 Justice Breyer's concurrence joined by Justices Souter, Stevens and Ginsburg, opines that common law necessity, where physical forces beyond the actor's control rendered illegal conduct the lesser of two evils, was historically recognized. United States v. Bailey, 444 U.S. 394, 410 (1980).  The concurring judges noted that Oakland Cannabis should be limited to distribution cases and questioned whether a seriously ill patient for whom there is no alternative means of avoiding starvation or extraordinary suffering, might be a case where the defense is available.  *Id.* at p. 501.  Second, the dissents' view is that necessity has not been eliminated as a defense to any Federal statute that does not explicitly provide for it.  Bailey, id., at 415; Oakland Cannabis, at p. 501.

 This defense has no application here.

4

    C.    <u>Marijuana Has No Medical Value - Oakland Cannabis, 121 S.Ct. 1711, 1719-20</u>.

No evidence or argument suggesting medical necessity or the medical value of marijuana may be offered.

## II. <u>Erroneous Belief Conduct Was Lawful (Irrelevant)</u>.

It is unlawful for an individual knowingly or intentionally to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance. 21 U.S.C. § 841(a)(1).

Knowledge of, or intent to violate the law is not an element of this offense. <u>United States v. Fuller</u>, 162 F.3d 256, 260 (4th Cir. 1998), cited in <u>United States v. Ansaldi</u>, 372 F.3d 118, 128 (2d Cir. 2004). A good faith defense does not apply where the law does not require as part of its *mens rea* element, proof of a Defendant's knowledge of the legal duty. <u>United States v. Bishop</u>, 412 U.S. 346, 360-61 (1973). A mistake of law element does not apply because ignorance or mistake of law is not a defense to a crime that does not require a showing the Defendant knew the illegality of conduct of which he is charged. <u>United States v. Golitschek</u>, 808 F.2d 195, 202 (2d Cir. 1986).

Where the crime requires only knowledge, not willfulness, the government need only prove the Defendants knew they were performing an act, not that they knew the act was unlawful or criminalized by statute. <u>United States v. Lynch</u>, 233 F.3d 1139, 1141 (9th Cir. 2000); see <u>United States v. Linares</u>, 367 F.3d 941, 948 (D.C. Cir. 2004) (possession of marijuana with the intent to distribute is a general intent crime).

5

1   Possession and distribution of a controlled substance is not
2   a crime in which the Defendant's good faith belief in the *****
3   illegality of conduct negates an element of the charges. <u>Brian</u>
4   <u>v. United States</u>, 524 U.S. 184, 193 (1988) (unless the text of
5   the statute dictates a different result, the term "knowingly"
6   merely requires proof of knowledge of the facts that constitute
7   the offense).  See also, <u>United States v. Cain</u>, 130 F.3d 381, 384
8   (9th Cir. 1997) (in a cocaine trafficking case, instruction that
9   government need not prove the Defendant knew his conduct was
10  illegal, was correct).  Lack of intent to violate the law is not
11  a defense to a general intent crime.  <u>United States v. Fahey</u>, 411
12  F.2d 1213, 1214 (9th Cir. 1969).

14  III. <u>Entrapment by Estoppel or Public Authority</u>.
15       A.   <u>The Defense of Entrapment by Estoppel Requires Proof of</u>
16            <u>Four Specific Elements</u>.
17       The defense of entrapment by estoppel requires proof of four
18  specific elements.  That a defendant (1) was given advice by an
19  authorized federal government official empowered to render the
20  claimed erroneous advice; (2) who was made aware of all the
21  relevant historical facts; (3) who affirmatively told the
22  Defendant the proscribed conduct was permissible; and (4) the
23  Defendant relied on the false information.  <u>United States v.</u>
24  <u>Brebner</u>, 951 F.2d 1017, 1024, 1027 (9th Cir. 1991); <u>United States</u>
25  <u>v. Tallmadge</u>, 829 F.2d 767, 774 (9th Cir. 1987); <u>United States v.</u>
26  <u>Ramirez-Valencia</u>, 202 F.3d 1106, 1109 (9th Cir. 2000).
27       Where the offer of proof is insufficient as a matter of law
28  to support a proferred defense, it may be excluded.  <u>United</u>

States v. Aguilar, 883 F.2d 662, 692 (9th Cir. 1989).  See United States v. West Indies Transport, Inc., 127 F.3d 299, 312 (3d Cir. 1997).

Given numerous public statements by Federal officials indicating that marijuana remained illegal under Federal law, even after passage of Proposition 215, see Conant v. Walters, 309 F.3d 629, 632, n.1 (9th Cir. 2002), Defendant's purported belief in the legality of their conduct under Federal law was unreasonable as of 2002 and thereafter.  The law did not change and they were therefore not entitled to present evidence in support of an entrapment by estoppel or public authority defense. See United States v. Burrows, 36 F.3d 875, 882 (9th Cir. 1994), quoted in United States v. Osburn, unpublished, 175 Fed.Appx. 789, 790 **1.

Further, Defendants' purported reliance on the United States v. Oakland Cannabis Buyers' Cooperative case, 190 F.3d 1109 (9th Cir. 1999) (per curiam), was unreasonable because that case was reversed by the Supreme Court, May 14, 2001, 532 U.S. 483, 486 (2001).

The more recent case of United States v. Rosenthal, 266 F.Supp.2d 1068, 1080, 1098-99; (aff'd in part, rev'd in part by 454 F.3d 943), describes entrapment by estoppel.  It requires: (1) affirmative misleading by a government official; and (2) the official must be a Federal government official authorized to render the advice or granted authority to render such advice.

There is no evidence to support an entrapment by estoppel defense as a federal officer misled Defendants that their conduct was lawful, and there shall be no reference to it.

IV. <u>Jury Nullification ("J/N")</u>.

J/N is the *de facto* ability of the jury to refuse to apply the law as instructed by the court, choosing instead "to acquit out of compassion or compromise or because of the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." <u>Stanefer v. United States</u>, 447 U.S. 10, 22 (1980).

A. <u>No right to present evidence for jury nullification</u>.

Neither a Defendant nor his attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged.  Verdicts must be based on the law and evidence, not on jury nullification.  <u>Zal v. Steppe</u>, 968 F.2d 924, 931 (9th Cir. 1992).

B. <u>Exclusion of Evidence</u>.

It is appropriate to exclude evidence and argument to the jury related to medicinal use of marijuana, introducing evidence or arguing jury nullification.  A jury may not substitute its views that are contrary to the law by abdicating the duty to follow the law as stated by the judge.  <u>United States v. Rosenthal</u>, 266 F.Supp.2d 1068, 1075, 1086 (9th Cir. 2003).

Motions in limine have been granted in medical marijuana cases to exclude:

    a.   Reference to political debate in California about legalization of marijuana;

    b.   Whether marijuana use has medical benefits;

    c.   Whether marijuana should continue to be a Schedule I Controlled Substance under Federal law.

    d.   Whether the Federal government should be

8

regulating an area in which local California citizens voted to ignore the Federal law.

   e. The "good faith belief" of any Defendant in the use of medicinal marijuana, its purposes, and effects.

V. <u>No Reference to Punishment</u>.

 A. <u>Consequences of Verdict</u>.

It is inappropriate for a jury to consider or be informed of the consequences of its verdict. <u>United States v. Frank</u>, 956 F.2d 872, 879 (9th Cir. 1992); <u>Rodgers v. United States</u>, 422 U.S. 35, 40 (1975) (jury should have been admonished "that the jury had no sentencing function and should reach its verdict without regard to what sentence might be imposed").

 B. <u>Jury Not to Consider Punishment</u>.

It is appropriate to instruct the jury that the punishment provided by law for the offense is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict. <u>United States v. Reed</u>, 726 F.2d 570, 579 (9th Cir. 1984); Ninth Circuit Pattern Criminal Jury Instruction No. 7.4.

 C. <u>Exclusion of Punishment Evidence</u>.

This motion in limine has been granted, excluding the following evidence.

   a. No testimony about potential punishment by any Defendant or any witness;

   b. No mention of penalties or prison terms;

   c. No reference to plea negotiations or bargains regarding recommended punishment;

       d.   No reference to consequences such as loss of medical or business license or term of incarceration.

## VI. Mistake of Law, Mistake of Fact, Advice of Counsel, Good Faith or Compliance with State law.

### A. Reliance on or Compliance with State Law.

Federal law prohibiting the sale of marijuana is valid, despite any state law suggesting medical necessity for marijuana. United States v. Oakland Cannabis Buyers' Cooperative, 532 U.S. 483, 495 (9th Cir. 2001).

### B. Mistake of Law or Fact.

Ignorance of the law is no defense, as statutes relating to the use and possession of drugs do not require proof of intent to violate the law. A requirement of knowledge of the presence of the controlled substance is different from knowledge that a Defendant's conduct violates the law, such as in the context of income tax crimes and violations of the Bank Secrecy Act. There is no requirement of knowledge of the unlawfulness of Defendant's acts under the crimes charged. The general rule, "deeply rooted in the American legal system" is "that ignorance of the law or a mistake of law is no defense to criminal prosecution." United States v. Blair, 54 F.3d 639, 643 (10th Cir. 1995), citing Cheak v. United States, 498 U.S. 192, 199 (1991).

The government is not required to prove that Defendant was aware of or intended to violate the law. United States v. Cain, 130 F.3d 381, 384 (9th Cir. 1997) (possession of cocaine with the intent to distribute, government not required to prove defendant knew that possession of controlled substance was illegal, only

that defendant knew he possessed a controlled substance). Narcotics statutes do not require proof of intent to violate the law, rather, they require proof that the person know whether the substance sold is controlled by law. United States v. Balint, 258 U.S. 250, 254 (1922); see also United States v. Fuller, 162 F.3d 256, 267. It is not an element of § 841 that Defendant intended to violate a statute.

A mistaken belief regarding what the law allows is a mistake of law, not a mistake of fact, and is not a defense to a criminal charge. United States v. Weitzenhoff, 35 F.3d 1275, 1283, n.3 (9th Cir. 1994) (mistaken belief that conduct was authorized by permit is not a mistake of fact defense); United States v. Baytank, 934 F.2d 599, 612 (5th Cir. 1991) (lack of knowledge of regulations as to what defines hazardous waste is a mistake of law, not mistake of fact).

C. Conspiracy.

A conspiracy makes it a crime for two or more persons to agree or conspire to commit an offense against the United States. This law does not require proof that the Defendant knew his conduct violated Federal law. United States v. Blair, 54 F.3d at 643 (quoting United States v. Feola, 420 U.S. 671, 687 (1975).

D. Advice of Counsel.

Good faith reliance on the advice of a counsel is not relevant because such advice can only be shown to negate a specific intent to violate the law. Here, neither good faith nor mistake as to the enforceability of the law is a defense. An attorney's advice about what the law is, medical necessity, the benefits of marijuana, or any of the other prohibited subjects

11

ruled on above would only be confusing, misleading, time consuming, and prejudicial.  Fundamentally, advice of counsel is irrelevant.

Advice of counsel is not a defense per se to a criminal case, rather, it is circumstantial evidence of good faith intent to comply with the law.  Good faith may be relevant in cases where specific intent to violate the law is an element of the charged offense, but is not applicable to a general intent crime. <u>Ratzfall v. United States</u>, 510 U.S. 135, 138-39 (1994).  See <u>United States v. Conforte</u>, 624 F.2d 689, 876 (9th Cir. 1980). Advice of counsel in tax evasion cases is not a complete defense, but only a circumstance to show good faith which the trier of fact may consider on the issue of willfulness.  <u>United States v. Sehnal</u>, 930 F.2d 1420, 1427 (9th Cir. 1991) (the term "willfully" refers to acting with the purpose of violating a long known legal duty, and not from accident or mistake); <u>United States v. Traitz</u>, 871 F.2d 368, 382 (3d Cir. 1989) ("[T]he basis for the defense 'is that, in relying on counsel's advice, [a] defense lacked the requisite intent to violate the law").  The Ninth Circuit has recognized that an advice of counsel defense was inappropriate under a kick-back statute where the law did not require the government to prove that the Defendant knew he was violating the law.  <u>United States v. Soares</u>, 998 F.2d 671, 673 (9th Cir. 1993).

### VII.  <u>Conclusion</u>

For the reasons stated above, the government's motions in
///
///

12

1 | **`limine are GRANTED.`**
2 |
3 | IT IS SO ORDERED.
4 | **Dated:   April 30, 2008**                                  **/s/ Oliver W. Wanger**
                                                                  UNITED STATES DISTRICT JUDGE