IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE SCARMAZZO, | CASE NO. 1:06-cr-00342-LJO |
| Movant, | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| vs. | |
| UNITED STATES OF AMERICA, | (Docs. 424, 426) |
| Respondent. | |

## I. INTRODUCTION

Luke Scarmazzo ("Mr. Scarmazzo") is a federal prisoner and proceeds pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). He asserts four ineffective assistance of counsel claims, several constitutional challenges to his conviction for conducting a continuing criminal enterprise ("CCE"), two Sixth Amendment violations related to the admission of a music video at trial, a vindictive prosecution claim, and a juror misconduct claim. Having considered the arguments presented, this Court DENIES Mr. Scarmazzo's motion.

## II. BACKGROUND

**A. Facts**

Mr. Scarmazzo and Ricardo Montes ("Mr. Montes") founded a marijuana dispensary in Modesto, California called the California HealthCare Collective ("CHC"). The dispensary operated from September 2004 until September 2006. The duo supervised and employed between eight and fourteen individuals who manufactured, packaged, guarded, and distributed the marijuana. During the two years the dispensary operated it grossed over $9 million dollars. Law enforcement officials made at least nine controlled buys at the CHC.

**B. Indictment**

In 2006, Mr. Scarmazzo and eight others were indicted pursuant to an eighteen count indictment. (Doc. 3). Mr. Scarmazzo was indicted for the following counts:

| | |
|---|---|
| Count 1: | Conducting a continuing criminal enterprise, in violation of 21 U.S.C. § 848; |
| Count 2: | Conspiracy to manufacture, distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 846; |
| Count 3: | Manufacture of marijuana and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2; |
| Count 4: | Possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); |
| Count 6: | Possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); |
| Count 7: | Possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); |
| Count 8: | Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); |
| Count 10: | Possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); |
| Count 11: | Manufacture of marijuana and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; |
| Count 18: | Conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). |

(Doc. 3).

**C. Jury Trial**

Mr. Scarmazzo and Mr. Montes pled not guilty and a jury trial was held. During trial, an informal discussion occurred between the Assistant United States Attorney ("AUSA") and Mr. Scarmazzo's counsel. The AUSA asked counsel if Mr. Scarmazzo would be interested in pleading guilty in exchange for a dismissal of the CCE offense. This was an informal offer that had not yet been approved by the AUSA's managers. Defense counsel communicated the offer to Mr. Scarmazzo and Mr. Scarmazzo refused. Also during trial, a music video starring Mr. Scarmazzo was played. In the

video, Mr. Scarmazzo performed a song in which he raps about his status as a "businessman" engaged in selling marijuana. He also expresses his opposition to the federal government's position on medical marijuana by stating "Fuck the Feds."

**D. Conviction and Sentence**

The jury found Mr. Scarmazzo guilty of the CCE offense (count one), manufacturing marijuana and aiding and abetting (count three), and possession with intent to distribute marijuana (count seven). (Doc. 336). The jury rendered a general verdict and did not fill out a special verdict form for the CCE offense.

After the verdict, Mr. Scarmazzo filed a motion for a new trial on the basis of juror misconduct. He alleged that a juror read an online summary of an article in the May 12, 2008, edition of the *San Francisco Chronicle* entitled "Next President Might Be Gentler on Pot Clubs" and discussed the summary with another juror during deliberations. The district court held a hearing regarding the issue and concluded that the article was not prejudicial.

Mr. Scarmazzo was sentenced to 262-months imprisonment for the CCE conviction (count one); 151-months imprisonment for manufacturing marijuana and aiding and abetting (count three); and 60-months imprisonment for possessing with intent to distribute marijuana (count seven). (Doc. 336, p. 2). The sentences were ordered to run concurrently. (Doc. 336, p. 2).

**E. Direct Appeal**

On November 27, 2008, Mr. Scarmazzo filed a notice of appeal. (Doc. 329, p. 2). On appeal, Mr. Scarmazzo argued that the district court erred in failing to grant his motion for a new trial based on juror misconduct and that the case should be remanded for an evidentiary hearing on the issue. Mr. Scarmazzo also argued that his conviction for the CCE offense was invalid because: (1) the district court failed to instruct the jury to complete a special verdict form; (2) the jury instructions never defined "federal felony narcotics offense;" and (3) there was insufficient evidence of three or more federal narcotics violations. Mr. Scarmazzo further argued that there was insufficient evidence to support the guilty verdict on count seven, possession with intent to distribute marijuana. Finally, Mr. Scarmazzo argued that the admission of the music video was so prejudicial that the verdict must be set aside. The Ninth Circuit affirmed the district court's judgment. *See United States v. Montes*, 628 F.3d 1183 (9th

Cir. 2011); *United States v. Montes*, 421 Fed. Appx. 670 (9th Cir. 2011).

Mr. Scarmazzo petitioned for a writ of certiorari, which the Supreme Court denied on April 25, 2011. *Scarmazzo v. United States*, 131 S. Ct. 2171 (2011).

**F. Section 2255 Motion**

On April 23, 2012, Mr. Scarmazzo filed the instant section 2255 motion in which he raises six grounds for relief. (Doc. 424). First, he contends that he received ineffective assistance of counsel when his trial counsel failed to object to the prosecutor's statements regarding the "continuing series" element of the CCE offense. Second, he argues that his due process rights were violated because there was insufficient evidence to convict him of the CCE offense. Third, he asserts that his First Amendment and Equal Protection rights were violated when the government chose to prosecute him based on his opposition to the federal government's position on medical marijuana. Fourth, he contends that his right to an impartial jury was violated when the Court allowed the government to play the prejudicial music video during trial. He further argues that admission of the video violated the confrontation clause. Fifth, he maintains that his due process rights were violated when the jury found him guilty of the CCE offense without finding him guilty of participating in a conspiracy. Finally, he contends that his right to an impartial jury was violated when the juror read the *San Francisco Chronicle* article and discussed it during deliberations.

On April 24, 2012, Mr. Scarmazzo filed an "amended and/or supplemental motion" in support of his section 2255 motion.[1] (Doc. 426). In the document, Mr. Scarmazzo raises three additional ineffective assistance of counsel claims. He argues that he received ineffective assistance of counsel when: (1) his trial counsel failed to inform him properly of the government's plea offer; (2) his trial and appellate counsel failed to litigate the lack of a specific finding regarding the "continuing series" element of his CCE conviction; and (3) his trial and appellate counsel failed to argue that his CCE conviction

---

[1] A habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* FED. R. CIV. P. 81(a)(4) (the federal rules of civil procedure "apply to proceedings for habeas corpus"). Under FED. R. CIV. P. 15(a)(1)(A), "[a] party may amend its pleading once as a matter of course within 21 days after serving it." Mr. Scarmazzo filed his "amended and/or supplemental motion" one day after he filed and served his section 2255 motion. Thus, this Court construes the filing as an amendment and considers the issues raised therein. *See also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) ("where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application").

was invalid because he was not convicted of the conspiracy allegation in count two of the indictment.

The government was ordered to file an opposition to the motion and amendment. (Docs. 425, 429). The government filed its opposition to both documents on June 8, 2012. (Doc. 432).

On June 28, 2012, Mr. Scarmazzo filed a motion for leave to file a reply to the government's opposition as well as a reply brief. (Docs. 437, 438). Mr. Scarmazzo's motion for leave to file a reply brief is DENIED. This Court's May 2, 2012 and May 17, 2012, orders clearly advised the parties that no further submissions would be accepted after the government's opposition was filed. (Docs. 425, 429).

## III. DISCUSSION

**A. Issues Disposed of on Direct Appeal**

A federal prisoner may attack his sentence on the following four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, issues raised and rejected on direct appeal cannot be the basis of a section 2255 motion. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (per curiam). "The fact that the issue may be stated in different terms is of no significance." *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979).

Three of the arguments raised in Mr. Scarmazzo's section 2255 motion were raised and rejected on direct appeal. In ground two, Mr. Scarmazzo contends that the jury's failure to make a specific finding regarding the "continuing series" element of his CCE conviction renders the verdict constitutionally insufficient. This issue was raised on direct appeal and the Ninth Circuit determined that a special verdict form was unnecessary and that the overwhelming evidence of guilt at trial showed that a rational trier of fact could find Mr. Scarmazzo guilty of the CCE offense. *United States v. Montes*, 421 Fed. Appx. 670, 673 (9th Cir. 2011). In ground four, Mr. Scarmazzo asserts that his right to an impartial jury was violated when the Court allowed the government to play a prejudicial music video at trial. On appeal, the Ninth Circuit determined that the district court did not abuse its discretion when it admitted the "self-aggrandizing music video." *Id*. In ground six, Mr. Scarmazzo argues that his right to an impartial jury was violated when a juror read an article in the *San Francisco Chronicle* entitled

"Next President Might Be Gentler on Pot Clubs" and discussed it with other jurors. The Ninth Circuit rejected this argument in a published decision. *See United States v. Montes*, 628 F.3d 1183 (9th Cir. 2011). Because the above arguments were raised and rejected on direct appeal they cannot be the basis of Mr. Scarmazzo's section 2255 motion. *See Redd*, 759 F.2d at 701.

**B. Ineffective Assistance of Counsel Claims**

    **1. Legal Standard**

To demonstrate ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to establish deficient performance, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. This requires petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. There is a strong presumption that counsel's performance fell within the "wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). "[T]he defendant must surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (internal quotation marks and citations omitted). "Thus, the proper inquiry is whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* (internal quotation marks and citations omitted).

The second factor petitioner must establish is prejudice. *Strickland*, 466 U.S. at 693. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Prejudice analysis must not only focus on outcome determination but also on the question of whether or not "the result of the proceeding was fundamentally unfair or unreliable." *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)). "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the [petitioner] as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

    **2. Failure to Object to Statements Regarding the Ripon Operation**

6

Mr. Scarmazzo contends that he received ineffective assistance of counsel when his trial counsel failed to object to the prosecutor's statements that the marijuana confiscated in Ripon, California on January 3, 2005, could be used to satisfy the "continuing series" element of the CCE offense. (Doc. 424, p. 6-7, 22-26). Mr. Scarmazzo argues that counsel should have objected to these statements because the Ripon operation occurred at a time before CHC had any employees. Mr. Scarmazzo explains that the only individuals involved in the corporation at the time were Mr. Scarmazzo and three corporate officers that he did not have managerial control over.

Even if counsel was deficient by failing to object to the prosecutor's statements, Mr. Scarmazzo would be unable to show prejudice due to the overwhelming evidence presented against him at trial. "In order to prove a continuing criminal enterprise, the government must show that (1) the defendant's conduct constituted a felony violation of federal narcotics law; (2) the described conduct occurred as part of a continuing series of violations; (3) the defendant undertook the activity in concert with five or more persons; (4) the defendant acted as the organizer, supervisor or manager of the criminal enterprise; and (5) the defendant obtained substantial income or resources from the purported enterprise." *United States v. Garcia*, 988 F.2d 965, 967 (9th Cir. 1993) (internal quotation marks omitted). "The continuing series of violations requirement can be satisfied by showing three or more federal narcotics violations." *Id.* (internal quotation marks omitted). The government may use any type of drug violation to satisfy the "continuing series" element, including conspiracy charges, prior convictions, or uncharged conduct. *See United States v. Ziskin*, 360 F.3d 934, 948 (9th Cir. 2003).

The jury found Mr. Scarmazzo guilty of conducting a CCE, manufacturing marijuana and aiding and abetting, and possession with intent to distribute marijuana and aiding and abetting. (Doc. 336). Thus, there is no question that the jury unanimously agreed on two of the federal narcotics violations in the "continuing series" element of the CCE conviction, *i.e.*, the manufacturing and possession with intent to distribute convictions. The third violation the jury relied upon is not obvious. Hence, Mr. Scarmazzo contends that trial counsel should have objected to the prosecutor's statements regarding the Ripon operation because the jury could have relied on this incident for the third violation. Even if counsel was deficient by failing to object, Mr. Scarmazzo is unable to show a reasonable probability that the outcome of the proceeding would have been different because the indictment outlines nine marijuana purchases

7

that occurred at the CHC by undercover police officers.[2]  Any one of these purchases could have been used to satisfy the "continuing series" element of the CCE offense.  Each purchase involved a knowing and intentional distribution of marijuana by a CHC employee, in violation of 21 U.S.C. § 841(a)(1).  Accordingly, even if counsel was deficient by failing to object to the prosecutors statements, Mr. Scarmazzo would be unable to show a reasonable probability that the outcome of the proceeding would have been different given the overwhelming evidence presented against him at trial.  *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

**3. Plea Offer**

Mr. Scarmazzo asserts that he received ineffective assistance of counsel when his trial counsel failed to inform him properly of a ten year plea offer extended by the government and the risks of going to trial. (Doc. 426, p. 3-9).  According to Mr. Scarmazzo, his trial counsel told him that the government offered him a ten year sentence but recommended he reject the offer because the trial was going well.

"[A]n attorney's failure to communicate the government's plea offer to his client constitutes unreasonable conduct under prevailing professional standards." *United States v. Blaylock*, 20 F.3d 1458, 1466 (9th Cir. 1994).  Counsel is required to ensure that the client understands the terms of the offer and its significance.  *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1060-61 (9th Cir. 2000).

Here, the record shows that an informal offer was communicated to Mr. Scarmazzo and he rejected it.  A declaration submitted by the AUSA that tried the case provides that during an informal

---

[2] Modesto police officer Steven Anderson testified that:
1. On November 23, 2005, he purchased one ounce of marijuana and a cookie with marijuana in it (Doc. 361, p. 64-65);
2. On November 25, 2005, he purchased two ounces of marijuana (Doc. 361, p. 67-68);
3. On November 26, 2005, he purchased four ounces of marijuana (Doc. 361, p. 69-70);
4. On November 30, 2005, he purchased four ounces of marijuana and received three free marijuana cigarettes in the morning; and
5. In the afternoon of November 30, 2005, he purchased an additional three ounces of marijuana. (Doc. 361, p. 71-73).

Modesto police officer Jason Stewart testified that:
6. On November 25, 2005, he purchased one ounce and an eighth of an ounce of marijuana  (Doc. 361, p. 106-07);
7. On November 26, 2005, he purchased one ounce and two grams of marijuana (Doc. 361, p. 110);
8. On November 30, 2005, he purchased a half an ounce and an eighth of an once of marijuana (Doc. 361, 111-12); and
9. Later in the day on November 30, 2005, he purchased an eighth of an ounce of marijuana (Doc. 361, p. 113-14).

8

discussion with Mr. Scarmazzo's attorney, the AUSA mentioned that in the past she had contemplated extending an offer to Mr. Scarmazzo that would dismiss the CCE offense. (Doc. 432-1, p. 2:1-3). The AUSA "left [Mr. Scarmazzo's counsel] with the understanding that if [Mr. Scarmazzo] was interested in pleading guilty, [she] would speak with the necessary managers to see if the government were interested in extending an offer to the defendant." (Doc. 432-1, p. 2:4-6). A declaration submitted by Mr. Scarmazzo's trial counsel similarly provides that the AUSA informally asked if Mr. Scarmazzo would be interested in pleading guilty in exchange for the dismissal of the CCE count, the offer was communicated to Mr. Scarmazzo, and he refused it. (Doc. 432-2, ¶ 3-4). The declaration further provides that counsel never advised Mr. Scarmazzo that the trial was going well. The declaration states:

> I never advised the Petitioner that the trial was going well simply because it never went well. There was never any question that the Petitioner's actions were a violation of federal law. The Petitioner's only hope for success was for jury nullification. Petitioner was advised of this prior to trial. The Petitioner was also advised that if he proceeded to trial and was convicted his sentence under the guidelines most likely would be in excess of 25 years. Petitioner was interested in the legalization of marijuana for medicinal purposes and wanted this case to be on the forefront of the legalization of marijuana.

(Doc. 432-2, ¶ 5-8). Because counsel communicated the informal offer to Mr. Scarmazzo and explained the consequences of going to trial, Mr. Scarmazzo has failed to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88.

A declaration submitted by Mr. Montes' counsel provides that six to twelve months before trial he asked the AUSA what it would take to resolve the case. The AUSA asked "if the defendants would be interested in 10 years if she were able to get an offer approved by her supervisor." (Doc. 435, ¶ 3-4). Mr. Montes' counsel declined and there were no settlement negotiations after that. (Doc. 435, ¶ 5-6). Because there is no evidence to show that this offer was communicated to Mr. Scarmazzo's attorney the declaration is irrelevant.

**4. Failure to Litigate Lack of Special Verdict Form**

Mr. Scarmazzo argues that he received ineffective assistance of counsel when his trial and appellate counsel failed to litigate the lack of a specific finding regarding the third federal narcotic violation for the "continuing series" element of his CCE conviction. (Doc. 426, p. 13-14).

This contention is belied by the record. The issue was raised by both trial and appellate counsel.

9

Mr. Scarmazzo's trial counsel filed an amended motion for a new trial in which he argued that Mr. Scarmazzo should be acquitted on the CCE charge because "[t]here has not been any finding that [he] . . . committed three or more federal felony narcotic offenses other than a general verdict." (Doc. 307, p. 12). On appeal, appellate counsel argued that the Court's failure to instruct the jury to complete a special verdict form for the CCE charge rendered the jury's verdict invalid on that count. (AOB, p. 30). Accordingly, Mr. Scarmazzo's contention is belied by the record.

**5. Failure to Attack Validity of CCE Conviction**

Mr. Scarmazzo contends that he received ineffective assistance of counsel when his trial and appellate counsel failed to argue that his CCE conviction was invalid because he was not convicted of the conspiracy allegation in count two of the indictment. (Doc. 426, p.15-18). Mr. Scarmazzo argues that the jury's verdict shows that the jury failed to find the "in concert" element of the CCE offense and counsel should have raised the issue.

In trial counsel's amended motion for a new trial, he pointed out that "[t]he jury was unable to decide on Count 2, the Conspiracy Count, the lesser included offense of the [CCE] as set out in Count 1 thus rendering inconsistent verdicts." (Doc. 307, p. 11). Accordingly, Mr. Scarmazzo's argument as it relates to his trial counsel is belied by the record.

Appellate counsel chose not to raise the issue on appeal. However, Mr. Scarmazzo has failed to show that counsel's "representation fell below an objective standard of reasonableness," *Strickland,* 466 U.S. at 687-88, because the inconsistent verdicts do not show that the jury failed to find the "in concert" element of the CCE offense. Thus, appellate counsel's decision not to raise the issue did not fall "outside the wide range of professionally competent assistance." *Quintero-Barraza*, 78 F.3d at 1348.

The Supreme Court has held that the "in concert" element of the CCE offense requires proof of a conspiracy. *Rutledge v. United States*, 517 U.S. 292, 300 (1996). Thus, conspiracy is a lesser included offense of a CCE offense. *Id.* Mr. Scarmazzo was charged with conducting a CCE. He was also charged with conspiracy to manufacture, distribute, and possess with intent to distribute marijuana based on the same factual allegations. The jury found Mr. Scarmazzo guilty of the CCE offense but was unable to reach a verdict regarding the conspiracy offense. Because conspiracy is a lesser included offense of a CCE offense, *Rutledge*, 517 U.S. at 300, when the jury found Mr. Scarmazzo guilty of the

1  CCE offense they also found the requisite elements of the conspiracy offense. Thus, the jury's verdict
2  was inconsistent.

3  Mr. Scarmazzo contends that this inconsistency shows that the jury did not reach a unanimous
4  verdict regarding the "in concert" element of the CCE offense and thus, counsel should have raised this
5  issue on appeal. Mr. Scarmazzo's argument is unpersuasive because the mere existence of inconsistent
6  verdicts does not create an inference that the jury failed to reach a verdict regarding the "in concert"
7  element of the CCE offense. The Supreme Court has explained that, "inconsistent verdicts - even
8  verdicts that acquit on a predicate offense while convicting on the compound offense - should not
9  necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally
10  possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and
11  then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense."
12  *United States v. Powell*, 469 U.S. 57, 65 (1984). To the extent the jury's verdict was the result of some
13  error rather than the product of lenity, the Supreme Court has rejected a criminal defendant's ability to
14  challenge his or verdict on this ground. The Supreme Court has explained that "[s]uch an individualized
15  assessment of the reason for the inconsistency would be based either on pure speculation, or would
16  require inquiries into the jury's deliberations that courts generally will not undertake." *Id*. at 66.
17  Because the inconsistent verdicts do not show that the jury failed to reach a verdict regarding the "in
18  concert" element of the CCE offense, appellate counsel's decision not to raise the issue on appeal was
19  not objectively unreasonable. *Strickland,* 466 U.S. at 687-88.

20  **C. Vindictive Prosecution**

21  Mr. Scarmazzo asserts that his First Amendment and Equal Protection rights were violated when
22  the government chose to prosecute him based on his opposition to the federal government's position on
23  medical marijuana. (Doc. 424, p. 12, 27-28). Mr. Scarmazzo explains that he wrote a song in which he
24  expressed his opposition to the federal government's position on medical marijuana and performed the
25  song in a music video. Mr. Scarmazzo maintains that he was prosecuted because he voiced his
26  opposition to the government's policies in violation of his First Amendment right to free speech. Mr.
27  Scarmazzo further argues that he and Mr. Montes were treated differently than other medical marijuana
28  dispensary operators because he exercised his First Amendment Right to free speech which violates the

11

Equal Protection Clause.

"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right. To establish a prima facie case of prosecutorial vindictiveness, [an individual] must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Lopez*, 474 F.3d 1208, 1211 (9th Cir. 2007) (internal quotation marks and citations omitted). "Evidence indicating a realistic or reasonable likelihood of vindictiveness may give rise to a presumption of vindictiveness on the government's part." *United States v. Garza-Juarez*, 992 F.2d 896, 906 (9th Cir. 1993). "Once a presumption of vindictiveness has arisen, the burden shifts to the prosecution to show that independent reasons or intervening circumstances dispel the appearance of vindictiveness and justify its decisions." *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995).

Mr. Scarmazzo contends that he was charged with conducting a CCE because he authored the lyrics of a song in which he expressed his opposition to the federal government's position on medical marijuana. In the video, Mr. Scarmazzo raps about his status as a "businessman" engaged in selling marijuana[3] and during the song he states, "Fuck the Feds." Mr. Scarmazzo argues that because he voiced his views so publicly "the prosecutor filed the harshest charges to date of any medical marijuana case." (Doc. 424, p. 12). The mere existence of the video and the fact Mr. Scarmazzo publically stated "Fuck the Feds" does not indicate a reasonable likelihood of vindictiveness. Accordingly, Mr. Scarmazzo has failed to make a prima facie case of prosecutorial vindictiveness. *See Lopez*, 474 F.3d at 1211.

With regard to Mr. Scarmazzo's Equal Protection argument, "[t]he Equal Protection Clause prohibits selective enforcement 'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *United States v. Batchelder*, 442 U.S. 114, 125 n.9 (1979) (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). Mr. Scarmazzo has failed to demonstrate that his prosecution "was based on an impermissible ground such as race, religion or his exercise of his first amendment right to free speech." *United States v. Scott*, 521 F.2d 1188, 1195 (9th Cir. 1975). Thus, Mr. Scarmazzo's Equal Protection claim fails.

---

[3] The video can be viewed at http://video.google.com/videoplay?docid=-3959420082529916004#.

12

**D. Right of Confrontation**

Mr. Scarmazzo asserts that his rights under the Confrontation Clause were violated by the admission of the music video because he was unable to question the creators of the video under oath and before the jury. (Doc. 424, p. 14).

"The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right to be confronted with the witnesses against him." *Slovik v. Yates*, 556 F.3d 747, 752 (9th Cir. 2009) (internal quotation marks omitted). "A criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness." *Id*. at 752-53 (internal quotation marks omitted). The creators of the music video did not testify against Mr. Scarmazzo. Accordingly, Mr. Scarmazzo's inability to question them did not violate his rights under the Confrontation Clause.

**E. Interplay Between Conspiracy and CCE Offenses**

Mr. Scarmazzo asserts that his due process rights were violated when the jury found him guilty of conducting a CCE without finding him guilty of participating in a conspiracy. (Doc. 424, p. 15, 28-31). He maintains that the inconsistent verdicts show that the jury did not reach a unanimous verdict regarding the "in concert" element of the CCE offense and thus, his conviction is invalid.

As discussed above in the context of Mr. Scarmazzo's ineffective assistance of counsel claim, *see* Section III.B.5, *supra*, the fact the jury found Mr. Scarmazzo guilty of the CCE count but was unable to reach a verdict on the conspiracy count does not show that the jury failed to reach a verdict regarding the "in concert" element of the CCE offense. Although conspiracy is a lesser included offense of a CCE offense, *Rutledge*, 517 U.S. at 300, the mere existence of inconsistent verdicts does not render the conviction invalid, *see United States v. Powell*, 469 U.S. 57, 58 (1984) ( recognizing that a criminal defendant convicted by a jury on one count cannot attack that conviction because it is inconsistent with the jury's verdict of acquittal on another count). Moreover, inconsistent verdicts "should not necessarily be interpreted as a windfall to the Government at the defendant's expense." *Id*. at 65. Accordingly, it cannot be assumed from the inconsistent verdicts that the jury failed to reach a unanimous verdict regarding the "in concert" element of the CCE offense. Thus, Mr. Scarmazzo's due process rights were not violated.

**F. Certificate of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a section 2255 proceeding unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal quotation marks and brackets omitted) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds that the issues are not debatable among jurists of reason. *See Lambright*, 220 F.3d at 1024-25. Accordingly, a COA is improper.

### IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES Mr. Scarmazzo's motion for leave to file a reply brief;
2. DENIES Mr. Scarmazzo's section 2255 motion to vacate, set aside, or correct sentence; and
3. DENIES Mr. Scarmazzo's COA.

IT IS SO ORDERED.

**Dated:   July 20, 2012**                                      /s/ Lawrence J. O'Neill
                                                                                UNITED STATES DISTRICT JUDGE