# ₀KING & SPALDING

King & Spalding LLP
1700 Pennsylvania Ave., N.W.
Suite 900
Washington, DC  20006

Kerrie Covell Dent
Tel:  +1 202 626 2394
www.kslaw.com

January 27, 2023

Honorable Dale A. Drozd, U.S. District Judge
Robert T. Matsui United States Courthouse
501 I Street, Courtroom 4, 15th floor
Sacramento, CA  95814

Re:     *United States v. Scarmazzo*, No. 1:06-CR-00342-DAD, Letter Brief

Dear Judge Drozd,

Defendant Luke Scarmazzo submits this letter in response to the Court's request for additional briefing on whether it has authority to reduce a mandatory minimum sentence when granting a motion for compassionate release where the supported basis for the motion is not the defendant's own health or medical condition.

*Text*.  The Court's question is answered by looking at the text of the compassionate release provision.  That provision, as modified by the First Step Act, states:

> (c) MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT. —The court may not modify a term of imprisonment once it has been imposed *except that*—
>
> **(1)** in *any case*—
>
> > **(A)** the court . . . *may reduce the term of imprisonment* . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if it finds* that—
> >
> > > **(i)** *extraordinary and compelling reasons warrant such a reduction*; or
> > >
> > > **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made . . . that the defendant is not a danger ...

18 U.S.C. § 3582(c)(1)(A)(emphasis added).  The provision's plain language grants federal court judges broad discretion to reduce a prisoner's sentence "in any case"—without limitation and with no exceptions.[1]  Congress explicitly provided the courts discretion in subsection (i) to grant compassionate release despite the existence of a mandatory sentence and regardless of whether the extraordinary and compelling circumstances relate to the medical condition of the defendant.

---

[1] *See* A. Scalia and B. Garner, *Reading Law: The Interpretation of Legal Texts* (2012), §8 (citing *Petteys v. Butler*, 367 F.2d 528, 538 (8th Cir. 1966) (Blackmun, J., dissenting) ("[I]f the Congress [had] intended to provide additional exceptions, it would have done so in clear language.").

January 27, 2023
Page 2

***Structure and Context***.  Reading into the statute a requirement that compassionate release cannot be granted when a prisoner is serving a mandatory minimum sentence would render subsection (ii) meaningless. All prisoners covered by that subsection are serving mandatory minimum sentences for committing "serious violent felonies." 18 U.S.C. § 3559(c).  Because Congress has explicitly granted courts discretion in subsection (ii) to grant compassionate release despite the existence of a mandatory sentence, there is no reason to conclude that Congress intended to include that type of unwritten limit on courts' authority in subsection (i).  The grants of discretion under both subsections are unlimited and thus applicable regardless of any mandatory minimums.

***Judicial Interpretation***. Although the Ninth Circuit does not appear to have addressed this issue, other courts have held that "a mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release." *United States v. Halvon*, 26 F.4th 566 (2d Cir. 2022). As *Halvon* observed, "[t]here is no indication in the statutory text that compassionate release is not available to inmates sentenced to mandatory minimum terms." *Id.* at 570; *see also United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020) (remanding for further consideration of compassionate release motion where prisoner sought to reduce his mandatory minimum sentence); *United States v. Reid*, 2021 WL 837321 (E.D.N.Y. March 5, 2021) ("§3582(c)(1)(A)(i) permits me to reduce Mr. Reid's sentence to an amount lower than the [current] mandatory minimum."); *United States v. Bess*, 455 F. Supp. 3d 53, 67 (W.D.N.Y. 2020) (granting compassionate release to prisoner who had not yet served his mandatory minimum sentence).  There is no reason to create a split with these other court decisions.

It is true, of course, that federal courts are not typically authorized to change mandatory minimum sentences.  But there are limited exceptions, including where, as here, an exception is expressly created by Congress itself.  *See Freeman v. United States*, 564 U.S. 522, 526 (2011) (noting that "the rule of finality is subject to a few narrow exceptions") (quoting 18 U.S.C. § 3582(c)).  Accordingly, when a district court judge reduces the sentence of a prisoner serving a mandatory sentence because it is warranted by extraordinary and compelling circumstances, the court is faithfully complying with Congress's instructions and intention.

Importantly, the compassionate release provision is designed to provide relief in outlier cases—cases involving prisoners whose extraordinary and compelling circumstances, taken together, warrant a reduction in sentence.[2]  *See United States v. McCoy*, 981 F.3d 271, 286-87 (4th Cir. 2020) (noting "there is a significant difference between automatic vacatur and resentencing of an entire class of sentences ... and allowing for the provision of individual relief in the most grievous cases").  The process of identifying individual cases with extraordinary and compelling circumstances is not dissimilar from that used in section 924(c) stacking cases, where the First Step Act made legislative changes to certain sentencing laws but chose not to make the changes retroactive. The Northern District of California explained that "[i]t is not unreasonable for Congress to conclude that not *all* defendants convicted under § 924(c) should receive new sentences, even while expanding the power of the courts to relieve *some* defendants of those sentences on a case-by-case basis." *United States v. Quinn*, 467 F. Supp. 3d 824, 829 (N.D. Cal. 2020) (citing *United States v. Maumau*, No. 08-cr-00758, 2020 WL 806121, at *7 (D. Utah Feb.

---

[2] District courts are "free[] … to consider *the **full slate of extraordinary and compelling reasons*** that an imprisoned person might bring before them in motions for compassionate release." *United States v. Amezcua*, No. 1:93-CR-05046-DAD, 2022 WL 7693153, at *4 (E.D. Cal. Oct. 13, 2022) (emphasis added) (quoting *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)).

18, 2020)).  The Fourth Circuit's opinion in *McCoy* is also instructive.  There, the court upheld the granting of compassionate release where the prisoners faced unexecuted mandatory § 924(c) sentences for reasons that did not include the prisoners' health or medical conditions.  The district courts had permissibly considered the severity of the prisoners' § 924(c) sentences and the disparity between those sentences and those provided under the First Step Act because "these judgments were the product of *individualized assessments* of each defendant's sentence" and, in granting relief, the courts relied "on full consideration of the defendants' individual circumstances."  *McCoy*, 981 F.3d at 286.

This Court expressed concern that, unlike the First Step Act cases, even if Mr. Scarmazzo's sentence would be much shorter if he were sentenced today, that is a question of prosecutorial discretion "over which the court has no control." Minute Order (1/23/23). With respect, Mr. Scarmazzo's argument focuses not on the decision to prosecute years ago but on the *unique circumstances* of his sentence and the dramatic changes in the legal landscape concerning the sale and use of marijuana that have taken place during the nearly 15 years Mr. Scarmazzo has been imprisoned. These meaningful differences in the overall landscape, which the Court is permitted to consider, *see United States v. Vigneau,* 473 F. Supp. 3d 31, 38 (D.R.I. July 21, 2020), have included changes in the nation's marijuana laws, Congress's perspective, public sentiment, the Justice Department's enforcement policies, and controlling case law.[3] The changes in landscape present just one of the many "extraordinary and compelling" reasons to grant Mr. Scarmazzo's motion for compassionate release.

Mr. Scarmazzo should be granted compassionate release based on a totality of the extraordinary and compelling circumstances in his case. The uniqueness of Mr. Scarmazzo's case is undeniable.  He is one of only a few federal prisoners serving a mandatory sentence for a CCE violation based on non-violent, victimless marijuana offenses.  His uniquely long prison sentence for a non-violent crime,[4] his impressive record of rehabilitation, his detailed and thorough reentry plan, a daughter who needs his support, and a loving father with terminal cancer are all extraordinary and compelling reasons to grant Scarmazzo's motion for compassionate release.[5] Mr. Scarmazzo has served nearly 15 years for his non-violent, victimless crime. He respectfully requests that the Court grant his motion for compassionate release and reduce his sentence to time served.

/s/*Kerrie Covell Dent*_____
Kerrie C. Dent
Bailey J. Langner

---

[3]  There is strong bipartisan support for criminal justice reform that includes reducing sentences, reducing prison overcrowding, and helping inmates successfully transition back to life in society. The First Step Act passed the Senate by a vote of 87-12 and the House by a vote of 358-36. https://www.congress.gov/bill/115th-congress/senate-bill/756

[4] Scarmazzo's extraordinarily long sentence is an extraordinary and compelling reason to grant him compassionate release. *See Vigneau*, 473 F. Supp. 3d at 38 (prisoner's long sentence was "unusual and unique" and was one of the "extraordinary and compelling" reasons to reduce his sentence); *McCoy*, 981 F.3d at 285 (4th Cir. 2020) (district courts considering compassionate release appropriately consider the "sheer and unusual length of the sentences"); *Maumau,* 2020 WL 806121, at *6-7 (collecting cases where courts reduced sentences in part because they were overly long).

[5] Mr. Scarmazzo's extraordinary and compelling circumstances are set forth in much more detail in the supplemental briefs filed by undersigned counsel (Doc. ## 495 and 502).